UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ALI S. MUHAMMAD,                    )
                                    )
            Plaintiff,              )
                                    )
     v.                             )    Civil Action No. 09-2301 (RBW)
                                    )
FEDERAL DEPOSIT INSURANCE           )
CORPORATION and                     )
J.P. MORGAN CHASE BANK, N.A.,       )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM OPINION**

Ali S. Muhammad, the pro se plaintiff in this civil lawsuit, seeks declaratory and injunctive relief against defendants Federal Deposit Insurance Corporation (the "FDIC"), as receiver for Washington Mutual Bank, and JPMorgan Chase Bank, N.A. ("Chase"), alleging, inter alia, that the FDIC "improperly disallowed [the plaintiff's c]laims against Washington Mutual Bank" under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (the "FIRREA"), 12 U.S.C. § 1821(d)(5)(D)(i) (2006). Complaint (the "Compl.") at 13-14. Currently before the Court are Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint and the Federal Deposit Insurance Corporation's Motion to Dismiss. After carefully considering the plaintiff's complaint, the defendants' respective motions and accompanying memoranda of law in support of their requested relief, the plaintiff's memoranda in opposition to those motions, and all relevant documents and exhibits attached thereto,[1] the

---

[1] In addition to the plaintiff's complaint and the defendants' respective motions to dismiss, the Court considered the following documents in reaching its conclusion: (1) the Memorandum of Points & Authorities in Support of the Federal Deposit Insurance Corporation's Motion to Dismiss (the "FDIC's Mem."); (2) the Plaintiff's Response to

(continued . . .)

Court concludes for the following reasons that it must grant Chase's motion to dismiss for failure to state a claim upon which relief can be granted, grant the FDIC's motion to dismiss for want of jurisdiction, and deny the balance of the FDIC's motion to dismiss as moot.

## I. BACKGROUND

The following facts are alleged in the complaint and assumed to be true for the purposes of resolving the motions now before the Court. The plaintiff is a Georgia resident, see Compl. ¶ 2, who obtained ownership of real property located in College Park, Georgia from Darius Barlow through a warranty deed, id. ¶ 23. On April 13, 2007, the plaintiff and "Barlow filed [a] civil action against Washington Mutual Home Loans and Washington Mutual Bank" ("Washington Mutual"), id. ¶ 19, in the State Court of Fulton County in Georgia, id. ¶ 5, alleging that the defendants in that case "failed to properly account for sums . . . paid on the mortgage associated with" the College Park, Georgia property, id. ¶ 23.

Shortly thereafter in May of 2007, Washington Mutual removed the matter to the United States District Court for the Northern District of Georgia, id., Ex. 5 (Notice of Removal) at 5. On September 25, 2008, while the case was pending in that district court, the Office of Thrift Supervision, Department of the Treasury, closed Washington Mutual and, as a consequence, appointed the FDIC to serve as the receiver for Washington Mutual. Id., Ex. 11 (January 9, 2009

---

(. . . continued)
Defendant[] FDIC's Motion to Dismiss (the "Pl.'s FDIC Opp'n"); (3) the Reply Memorandum in Support of the Federal Deposit Insurance Corporation's Motion to Dismiss (the "FDIC's Reply"); (4) the Defendant JPMorgan Chase Bank, N.A.'s Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint (the "Chase's Mem."); (5) the Plaintiff's Response to Defendant J.P. Morgan Chase's Motion to Dismiss Plaintiff's Complaint (the "Pl.'s Chase Opp'n"); and (6) the Defendant JPMorgan Chase Bank, N.A.'s Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint (the "Chase's Reply").

Additionally, the plaintiff has filed sur-replies to each of the defendants' reply briefs. While not required to do so, the Court has reviewed the plaintiff's sur-replies, and neither filing provides any additional arguments that were not sufficiently addressed in his previous filings. Yet, because the plaintiff failed to seek leave of the Court before filing his sur-replies, see, e.g., Marbury Law Group, PLLC v. Carl, ___ F. Supp. 2d ___, ___, 2010 WL 2977872, at *3 (D.D.C. 2010) (Kollar-Kotelly, J.), the Court concludes that as a matter of principle, it must strike these non-pertinent filings.

FDIC Notice to Discovered Creditor – Proof of Claim (the "Jan. 9, 2009 Notice")) at 1. The Georgia district court then issued an order on October 2, 2008, remanding the matter to the State Court of Fulton County in Georgia. Id. ¶ 30. After the case was remanded back to the state court, the plaintiff filed another lawsuit on December 15, 2008, against Washington Mutual.[2] Id. ¶ 39. Both cases are still pending. See FDIC's Mem., Ex. 3 (Electronic Docket Entries For the 2007 Case) at 1; id., Ex. 6 (Electronic Docket Entries for the 2008 Case) at 1.

On January 9, 2009, the FDIC informed the plaintiff that it became aware of a possible claim that he had against Washington Mutual, and that he was required to submit a "Proof of Claim Form" with the FDIC if he wanted his claim to be considered. Compl., Ex. 11 (Jan. 9, 2009 Notice) at 1. The FDIC then transmitted a letter to the plaintiff on January 12, 2009, informing him that defendant Chase had acquired some of Washington Mutual's assets, but that any of Washington Mutual's liabilities remained with the FDIC. Id., Ex. 12 (January 12, 2009 Notice of FDIC as Receiver for Washington Mutual Bank) at 1. The FDIC further noted that any claim against Washington Mutual "must be asserted against the FDIC," and that his claim "must go through the receivership claim review process before [his] lawsuit can proceed against the" FDIC. Id. The plaintiff responded via letter on January 15, 2009, wherein he identified his 2007 and 2008 cases as claims that he wanted to have considered by the FDIC.[3] Id., Ex. 13 (January 15, 2009 Notice to Discovered Creditor – Proof of Claim) at 1-2. Relying on 12 U.S.C. §

---

[2] The plaintiff provides no description of the 2007 and 2008 claims in the complaint, except to state that the 2008 action "addressed several different issues." Compl. ¶ 40.

[3] There does not appear to be any document submitted with the complaint or a factual averment by the plaintiff in the complaint concerning whether the FDIC's motion to stay the 2007 case was granted by the Georgia district court, although it should be noted that under 12 U.S.C. § 1821(d)(12)(B) (2006), a "court shall grant [a] stay" where it has received such "a request by any . . . receiver" (emphasis added).

3

1821(d)(12)(A)(ii),[4] the FDIC then moved to stay the proceedings in the 2007 case.  Id., Ex. 14 (Request for Issuance of Stay) at 1-2.  On October 8, 2009, the FDIC notified the plaintiff that the claims underlying the 2007 and 2008 cases were "not proven to the satisfaction of the" FDIC, and that his claims were disallowed.  Id., Ex. 19 (October 8, 2009 Notice of Disallowance of Claim) at 1.

The plaintiff then filed the complaint now before this Court on December 4, 2009.  Id. at 1.  He argues that he has "demonstrated with legal sufficiency that [his] claims against . . . Washington Mutual regarding [the 2007 case] are valid," and requests that "the FDIC be compelled to process [his c]laims against Washington Mutual Bank concerning" the 2007 case.  Id. at 14.  He also seeks a finding from the Court "[t]hat the FDIC improperly [d]isallowed [his c]laims against Washington Mutual Bank regarding" the 2008 case.  Id.

Both defendants move to dismiss the complaint.  Chase moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the plaintiff "fails to allege any wrongdoing by [JP Morgan] and fails to assert any claim against [JP Morgan]."  Chase's Mem. at 1.  The FDIC, on the other hand, moves for relief under Federal Rule of Civil Procedure 12(b)(1), on the grounds that the plaintiff is seeking judicial review of the FDIC's decision to disallow his claims, and that 12 U.S.C. § 1821(d)(5)(E) explicitly bars this Court from conducting such a review.  FDIC's Mem. at 1.  The FDIC also argues that the plaintiff's claims should be dismissed because he is seeking equitable relief that this Court is barred from granting under 12 U.S.C. § 1821(j).  Id. at 10.  Finally, the FDIC argues that this Court cannot consider the claims underlying the 2007 case "because those claims are properly before the court that had

---

[4] Section 1821(d)(12)(A)(ii) provides in pertinent part that "[a]fter the appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay . . . in any judicial action or proceeding to which such institution is or becomes a party."

4

jurisdiction prior to the appointment of the FDIC . . ., i.e., the State Court of Fulton County, Georgia." Id. at 9.

## II. STANDARDS OF REVIEW

Defendant Chase moves to dismiss the plaintiff's complaint pursuant to Rule 12(b)(6), while defendant FDIC moves to dismiss the plaintiff's complaint pursuant to both Rule 12(b)(6) and 12(b)(1). In deciding a motion to dismiss based upon lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court is not limited to the allegations set forth in the complaint, but "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Under Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction, see, e.g., Hollingsworth v. Duff, 444 F. Supp. 2d 61, 63 (D.D.C. 2006) (Collyer, J.).

As to the appropriate standard of review for a motion to dismiss under Rule 12(b)(6), the Court must turn to Federal Rule of Civil Procedure 8(a), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," a plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds on which it rests," Twombly, 550 U.S. at 545 (citation omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

5

claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly 550 U.S. at 557) (internal quotation marks omitted).

In evaluating a Rule 12(b)(6) motion under this framework, "[t]he complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks and citations omitted), and the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice," E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote omitted). Although the Court must accept the plaintiffs' factual allegations as true, any conclusory allegations are not entitled to an assumption of truth and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. If "the [C]ourt finds that the plaintiff[ has] failed to allege all the material elements of [his] cause of action," then the Court may dismiss the complaint without prejudice, Taylor v. FDIC, 132 F.3d 753, 761 (D.C. Cir. 1997), or with prejudice, provided that the Court "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation marks and citations omitted).

In applying the framework above, the Court must be mindful of the fact that the plaintiff is proceeding in this matter pro se. The pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, all factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to motion to dismiss should be granted. Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999). Nonetheless, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### III. LEGAL ANALYSIS

Generally stated, the issues before the Court are twofold: (1) whether the plaintiff has alleged facts sufficient to state claims upon which relief can be granted as to both Chase and the FDIC; and (2) whether the Court has jurisdiction to entertain the plaintiff's claim for review of the FDIC's decision to disallow the claims underlying both the 2007 and 2008 cases. With regards to Chase, the Court concludes that the facts alleged by the plaintiff conclusively establish that he cannot obtain relief against Chase for the claims asserted in this action. As for the claims against the FDIC, the Court concludes that it is precluded from ultimately assessing the merits of the plaintiff's claims against the FDIC because it lacks jurisdiction to review the decisions of the FDIC to disallow the 2007 and 2008 claims. The Court explains the reasons for its conclusions below.

A.  The Plaintiff's Claims Against Chase

Chase argues that it should be dismissed from this case because the plaintiff "fails to allege any wrongdoing by" the company, and therefore "fails to assert any claim against [it]." Chase's Mem. at 1.  Chase argues further that "the only reason[]" it is named as a defendant in this action is "because Chase acquired certain assets from the FDIC following [Washington Mutual's] failure, including [the p]laintiff's mortgage loan notes and security instruments securing the same."  Id.  The plaintiff, for his part, asserts that because Chase acquired the assets of Washington Mutual from the FDIC, this renders the company an "indispensable and necessary party" to this action.  Compl. at 15.

Federal Rule of Civil Procedure 19(a) governs whether an individual or entity is an "indispensable and necessary party" to an action.  In applying the rule, it is important to note that the purpose underlying this rule is to avoid duplicative and inconsistent litigation.  Capital Med. Ctr., LLC v. Amerigroup Md., Inc., 677 F. Supp. 2d 188, 192 (D.D.C. 2010) (Kennedy, J.). There are three instances in which a non-party must be joined if feasible: (1) the plaintiff will not be able to fully recover in the missing party's absence; (2) the missing party's ability to protect its interest may be impaired; or (3) the current parties to the litigation may otherwise be subject to multiple or inconsistent judgments.  Fed. R. Civ. P. 19(a)(1).

Here, a thorough review of the plaintiff's complaint does not disclose any facts that would invoke any of these three circumstances.  Specifically, the plaintiff will not be precluded from a obtaining a full recovery in Chase's absence from the litigation.  As the plaintiff acknowledges in his complaint, Chase only acquired Washington Mutual's assets from the FDIC, whose liabilities remained with the FDIC.  Compl. ¶ 34.  Thus, it cannot be said that Chase's presence in the litigation is necessary to ensure that the plaintiff can obtain full recovery on his

claims, given that the plaintiff has no avenue of relief against Chase. Likewise, the second basis for joinder under 19(a) does not apply here because Chase, having acquired only the assets of Washington Mutual, has no interest in the litigation. Cf. Coal. On Sensible Transp., Inc. v. Dole, 631 F. Supp. 1382, 1386 (D.D.C. 1986) (Gasch, J.) (declining to find a party indispensible even though that party "has an interest in [the] suit and may be affected by it"). And finally, Chase's nonexistent interest in this matter would not subject the company, the FDIC, or the plaintiff to multiple or inconsistent judgments if Chase was dismissed from the case. For these reasons, the Court concludes that Chase is not an "indispensable and necessary party" to this case, and its motion for dismissal must be granted.

### B. Plaintiff's Claims Against the FDIC

The FDIC raises several arguments in support of its motion to dismiss. First, the FDIC asserts that the Court is without jurisdiction to review the FDIC's decision to disallow the claims underlying the plaintiff's 2007 and 2008 lawsuits. FDIC's Mem. at 7. Second, the FDIC argues that this Court lacks jurisdiction to entertain the claims underlying the plaintiff's 2007 lawsuit because that action is currently pending before the State Court of Fulton County, and that 12 U.S.C. § 1821(d)(6)(A)(ii) directs the plaintiff to "continue the previously filed litigation in the court where the lawsuit was filed before [Washington Mutual] failed." Id. at 9. And third, the FDIC contends that "the Court does not have jurisdiction to grant [the] equitable remedies" that comprise the gravamen of the plaintiff's prayer for relief in this lawsuit. Id. at 10. Having assessed the FDIC's arguments, the Court agrees that because the plaintiff is only seeking judicial review of the FDIC's decision to disallow the claims underlying his 2007 and 2008 lawsuits, the Court lacks the jurisdiction to entertain the plaintiff's request for relief.

Under the FIRREA, "the FDIC is authorized to decide . . . claims under a process established by the statute and FDIC regulations." Freeman v. FDIC, 56 F.3d 1394, 1399 (D.C. Cir. 1995). Upon being appointed a receiver for a failed institution, the FDIC can require all claimants with claims against the failed institution to seek recourse at the administrative level, provided that sufficient notice is provided by the FDIC in accordance with the statute. See 12 U.S.C. § 1821(d)(3)(B) (requiring the FDIC to, inter alia, "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice"). For any cases that are currently pending before a state or federal court, the FDIC, upon request, is entitled to a stay of those actions in order to allow it the opportunity to resolve the claims in the administrative process. 12 U.S.C. § 1821(d)(12)(A)-(B); see also Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992) (observing that the FIRREA provides for the stay of judicial proceedings "to permit exhaustion of the administrative review process as it pertains to the underlying claims"). Once the FDIC receives a claim, it has 180 days in which to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the FDIC disallows the claim, or the 180 day period expires without a decision by the FDIC regarding the claim, then the claimant, within sixty days of the denial, can seek additional administrative review of the FDIC's decision, it can file suit in federal district court, or in those cases where a judicial proceeding was stayed pursuant to Section 1821(d)(12), the claimant may continue the prior action. 12 U.S.C. § 1821(d)(6)(A). However, 12 U.S.C. § 1821(d)(5)(E) explicitly states that "[n]o court may review the [FDIC's] determination . . . to disallow a claim"; thus, should a claimant seek judicial relief under Section 1821(d)(6)(A), then "review is by a de novo determination of the claim, not

a review of the administrative disallowance of the claim." Brady Dev. Co. v. RTC, 14 F.3d 998, 1003 (4th Cir. 1994).

The plaintiff's allegations make clear that he is seeking judicial review of the FDIC's decision to disallow his claims, rather than a de novo determination of his claims. With regards to the claims raised in the 2007 case, the plaintiff seeks to have the Court declare that his claims in that action are valid, Compl. at 14, because, inter alia, the reasons for disallowance stated in the FDIC's letter were very general and not explained in any detail. See id. ¶ 49 (asserting that the FDIC's reason for disallowing his claims are "in fact insufficient to satisfy the mandate under 12 U.S.C. §1821[]"). As for claims advanced in the 2008 case, the plaintiff asserts "[t]hat the FDIC improperly [d]isallowed [the plaintiff's c]laims against Washington Mutual Bank." Id. at 14 (emphasis added). Under the express language of Section 1821(d)(5)(E), however, the Court cannot review the FDIC's decision to disallow the claims underlying his 2007 and 2008 cases. The Court, therefore, has no choice but to dismiss the plaintiff's claims against the FDIC for want of jurisdiction.[5]

## IV. CONCLUSION

Even under a liberal reading of the plaintiff's submissions in this case, the Court is left with the unmistakable impression that he is seeking a review of the FDIC's decision to disallow the claims underlying his 2007 and 2008 cases—a review that his Court lacks the jurisdiction to

---

[5] The plaintiff also requests in his prayer for relief that the Court compel the FDIC "to . . . declare his right to continue the 2007 action in civil court." Compl. at 14. No declaration is necessary, however, as the FDIC does not dispute that he may continue his action in the State Court of Fulton County. FDIC's Mem. at 9.

Additionally, the Court, as a result of finding that it lacks jurisdiction to entertain the plaintiff's claims against the FDIC, need not address the remaining arguments asserted by the FDIC, namely, that the Court lacks authority to grant equitable relief under the FIRREA, id. at 10, or that the Court lacks jurisdiction to entertain a de novo determination of the plaintiff's claims in his 2007 case because of its pendency before the State Court of Fulton County, id. at 8.

conduct. Furthermore, the plaintiff has not alleged a single fact in his filings that would tend to support any claim against Chase, let alone that it is an "indispensable and necessary" party to this litigation. Fed. R. Civ. P. 19(a). Accordingly, for the reasons discussed above, the Court concludes that both defendants are entitled to a dismissal of this action.

**SO ORDERED** this 17th day of November, 2010.[6]

REGGIE B. WALTON
United States District Judge

---

[6] A final order will be issued contemporaneously with this memorandum opinion (1) granting Chase's motion to dismiss for failure to state a claim upon which relief can be granted; (2) granting the FDIC's motion to dismiss for lack of subject-matter jurisdiction; and (3) denying as moot the FDIC's motion to dismiss for failure to state a claim upon which relief can be granted.